**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN CANNISTRACI,

    Plaintiff-Appellant,

v.

FRED VAN DER VEUR, Warden,
Central Utah Corrections; KEVIN
WESTOVER, Inmate Disciplinary
Officer, Central Utah Corrections,

    Defendants-Appellees.

Case No. 96-4069

(D.C. 95-CV-946)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

    Pro se plaintiff-appellant John Cannistraci, a Utah prison inmate currently incarcerated at the Central New Mexico Correctional Center in Los Lunas, New Mexico, appeals the district court's order dismissing his complaint under 28 U.S.C. § 1915(d). Section 1915(d) authorizes the district court to dismiss an in forma pauperis complaint as frivolous if it relies on "inarguable legal conclusions" or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the district court's dismissal

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for an abuse of discretion. <u>Templeman v. Gunter</u>, 16 F.3d at 367, 369 (10th Cir. 1994).

In his complaint, Mr. Cannistraci alleges that the defendants Fred Van Der Veur, the Warden of the Central Utah Correctional Facility, and Kevin Westover, an inmate disciplinary officer, violated his rights under the Due Process Clause of the Fourteenth Amendment by placing him in segregation and subsequently placing him in thirty days' punitive isolation and imposing a $200.00 fine without affording him the constitutionally required procedural protections. In particular, Mr. Cannistraci alleges that, in conducting the disciplinary hearing, Mr. Westover violated his procedural due process rights by refusing to allow him to view a videotape showing him committing the offense for which he was disciplined.[1] Mr. Cannistraci also contends that Mr. Westover violated his procedural due process rights by undertaking his own investigation of the offense in question before conducting the disciplinary hearing, thereby failing to serve as an impartial decision maker. As to the defendant Mr. Van Deer Veur, Mr. Cannistraci alleges that he did not properly train or supervise Mr. Westover.

Upon review of Mr. Cannistraci's complaint, a magistrate judge recommended dismissal pursuant to § 1915(d), and the district court agreed. The district court reasoned that Warden van Der Veur should be dismissed from the suit because Mr. Cannistraci had failed to alleged that he personally participated in the deprivation of his constitutional

---

[1] According to Mr. Cannistraci's complaint, the disciplinary charges against him arose out of his alleged involvement in the stabbing death of another inmate. <u>See</u> Rec. vol. I, doc. 2 at ¶¶ 5-6, 11.

2

rights.  As to Mr. Westover's refusal to allow Mr. Cannistraci to view the videotape, the court reasoned that prison officials had discretion regarding "when to allow inmates the opportunity to confront and cross-examine witnesses" and that "the decision to allow or disallow a prisoner to view video tape evidence of an event falls within this discretion." See Rec. vol. I, doc. 11 at 2 (citing Wolff v. McDonnell, 418 U.S. 539, 569 (1974)).

We conclude that the district court did not abuse its discretion in dismissing Mr. Cannistraci's due process claim against Warden Van Der Veur.  As the court noted, Mr. Cannistraci's complaint does not allege that the Warden van Der Veur personally participated in a deprivation of his due process rights.

However, as to the claim against Mr. Westover, we are not persuaded that Mr. Cannistraci's complaint is frivolous under § 1915(d).  In Wolff, 418 U.S. at 563-566, the Supreme Court held that prisoners punished by the loss of good time credits are entitled to receive:  (1) written notice of the charges at least twenty four hours before the disciplinary hearing; (2) an opportunity to call witnesses and present documentary evidence when allowing the inmate to do so "will not be unduly hazardous to institutional safety or correctional goals[;]"and (3) a written statement of the reasons for the disciplinary action. See Smith v. Maschner, 899 F.2d 940, 946 (10th Cir. 1990).  Applying Wolff, several courts have held that the denial of access to a videotape or audiotape used by prison officials to establish the commission of an offense may infringe a inmate's right "to marshal facts in his defense and present witnesses and documentary evidence at the

3

hearing." See Gibbons v. Higgins, No. 94-2636, 1995 WL 761743, at *2 (7th Cir. Dec. 20, 1995), cert. denied, 117 S. Ct. 113 (1996); see also Malik v. Tanner, 697 F. Supp. 1294, 1300 n.7 (S.D.N.Y. 1988); Muhammad v. Butler, 655 F. Supp. 1470, 1472 (D.N.J. 1987). Although the considerations set forth in Wolff, 418 U.S. at 566, "institutional safety and correctional concerns," may justify the denial of access to evidence in a particular case, we cannot determine from the record before us whether, in this instance, these considerations support the alleged refusal to allow Mr. Cannistraci to view the videotape. Accordingly, we conclude that the district court abused its discretion in dismissing Mr. Cannistraci's complaint as frivolous under § 1915(d).

It is also unclear from the record before us whether Mr. Cannistraci was entitled to the procedural protections of the Due Process Clause because his segregation and fine may have infringed his constitutionally protected liberty interest. We leave to the determination of the district court on remand whether the sanctions of a thirty-day punitive isolation and a $200 fine constituted an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995).

Accordingly, the decision of the district court is reversed and the case is remanded for proceedings consistent with this opinion.

The mandate shall issue forthwith.

Entered for the Court,

4

Robert H. Henry
Circuit Judge